In re FOUGERON ST. IN CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. March 5, 1913.)

In the matter of the application of the Grade Crossing Commissioners of the City of Buffalo to ascertain the compensation for lands injured by the change of grade of Fougeron and Urban streets.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

PER CURIAM. Order affirmed, with costs. Motion to be relieved from stipulation denied, with $10 costs. Motion to send report of commissioners back for separation of items of damages denied, with $10 costs. All concur, except

McLENNAN, P. J. (dissenting.) I think the proceeding (No. 95) should be remitted to the commissioners, with a direction to specify the amount of damages awarded because of the change of the grade of the railroad tracks and the damages resulting from the change of the grade of the street, made necessary by the improvement under the Grade Crossing Commissioners Act. The total amount of the award which we are asked to confirm is $79,105.41. It is made our duty to determine whether or not such award is proper and reasonable. In passing upon such a question by this court, much reliance is placed upon the fact that the commissioners have personally viewed the premises, and by personal inspection have become acquainted with the premises and the conditions. Suppose that because of such personal inspection, and upon the evidence, such commission determined that the damages to the premises in question by reason of the lowering of the

grade in the street amounted to the full damage awarded by it, and that nothing was awarded by such commission because of the raising of the grade of the railroad tracks. Under such circumstances, this court might properly find that such award was excessive; in other words, that it was in excess of what the respondents' property abutting upon the street was damaged. But if such award included the damages resulting from the elevation of the railroad tracks, then this court might be constrained to say that the two elements of damage amounted to the total award.

It seems to me, however, that this court in the first instance ought not to be required to apportion the total amount as between those two separate claims for damages; in other words, that before this court is required to determine whether or not the award made by the commission, made as result, not only of the evidence offered before it, but also as a result of their personal viewing of the premises, is proper, we should know upon what the commission's findings were based, to wit, whether entirely upon the fact that the grade of the street in question was changed, or because of the fact that in connection with such change in grade of the street a change in the grade of the railroad occurred. To illustrate: Suppose that the damage resulted to the property in question by a lowering of grade in the street, and that advantage resulted to the abutting property by reason of the elevation of the railroad tracks. How can this court say that the award was proper, without knowing upon what basis such award was made? Also, it may be said that a very interesting question of law is presented by this appeal, and that is whether or not a railroad company is subject to damage because of the fact that it either raises or lowers its tracks upon its own right of way for its own purposes, or because so required to do under the Grade Crossing Act (Laws 1888, c. 345). That question cannot be presented to this court until we first ascertain whether the commissioners have awarded any damage by reason or on account of the change made by the railroad company of its tracks.

So that I am clearly of the opinion that the commissioners should be directed to specify what amount they awarded for the damages resulting from the change of grade of the street, and what in their opinion resulted from the change of grade of the railroad tracks. Then, and not until then, as it seems to me, will this court be in a position to determine whether the award was proper or excessive.

For the same reasons, I am in favor of granting the motion to send the report back to the commissioners in proceeding No. 99, and for deferring action in both cases upon the merits, until we have before us a report of the commissioners separately stating the damages awarded by reason of change in grade of the street and by reason of change in grade of the railroad tracks.